COMMONWEALTH *vs.* PATRICK KELLY.

A bond given by a person convicted under a statute which requires him to give bond not to violate any law "concerning the sale of intoxicating liquors," is void if conditioned that he shall not violate any law " concerning the manufacture or sale of intoxicating liquors."

ACTION OF CONTRACT upon a bond, which recited the conviction of the defendant in the court of common pleas for this county, " of having sold a certain quantity of spirituous and intoxicating liquors to one James S. Bamford, contrary to the provisions of an act concerning the manufacture and sale of spirituous or intoxicating liquors, passed May 22d A. D. 1852 ; " and conditioned that the defendant should " not within one year from the date of the aforesaid conviction violate any law of the Commonwealth concerning the manufacture or sale of spirituous or intoxicating liquors."

The defendant demurred to the declaration, upon various grounds, one of which is stated in the opinion.

*D. S. Richardson*, for the defendant.

*I. S. Morse*, (District Attorney,) for the Commonwealth, cited *Bartlett* v. *Willis*, 3 Mass. 86 ; *Burroughs* v. *Lowder*, 8 Mass. 373 ; *Sweetser* v. *Hay*, 2 Gray, 49.

MERRICK, J. The defendant insists that the bond declared on is void, because by the terms of its condition the penalty was to

be forfeited if the obligor should, within the time limited therein, violate any law of the Commonwealth concerning the manufacture or sale of spirituous or intoxicating liquors. And he assigns this as one of several causes of demurrer to the declaration.

Upon inspection of the record, it appears that the bond was given under an order of the court of common pleas while he stood convicted therein upon a charge of having unlawfully sold a certain quantity of spirituous and intoxicating liquor to James S. Bamford. The statute relating to this subject provides that if any person shall sell any spirituous or intoxicating liquor in violation of its provisions, he shall upon the first conviction thereof pay a fine of ten dollars and the costs of prosecution, " and shall be required to give bonds in a sum of not less than one thousand dollars, that he will not within one year from such conviction violate any law of the Commonwealth concerning the sale of spirituous or intoxicating liquors." *St.* 1852, *c.* 322, § 7. These provisions clearly define the power and duty of the court, and determine the liabilities of a party who is arraigned for their violation. The prescribed fine is to be imposed and the designated bond to be required. But nothing further can be legally exacted from him, nor can he rightfully be subjected to any other punishment than that which is expressly authorized by the statute.

The question then is whether the bond taken from the defendant was of such a character as the court had authority to require from him; and it is apparent from an examination of the terms of its condition that it was not. The statute does not empower the court to add to the fine of a party, who has been thus duly convicted of an unlawful sale of spirituous or intoxicating liquor, a requisition that he shall enter into an obligation, under a fixed penalty, that he will not during the then next ensuing year violate any law of the Commonwealth concerning the manufacture of those commodities. The unlawful manufacture of spirituous and intoxicating liquors is a thing altogether different from their unlawful sale ; and the distinction is recognized and provided for by the statute. Each of them is

prohibited under pains and penalties specially prescribed, and applicable to the several offences. *St.* 1852, *c.* 322, §§ 7, 12. According to the condition of the bond given by the defendant the penalty was to be forfeited if, within the fixed period of the year ensuing next after his conviction of an unlawful sale, he should be guilty of violating any law of the Commonwealth concerning either the sale or the manufacture of any of this species of property. Such a bond might have been required if the defendant had been convicted under the 12th section of the statute upon a charge of having manufactured for sale spirituous or intoxicating liquors contrary to its provisions. But that was not the position in which he was placed. He had been found guilty only of an unlawful sale. Clearly therefore there had been no such conviction as authorized the court to require from him the obligation which he was made to assume. The bond was made payable directly to the Commonwealth ; but it must necessarily have been taken by some one of its officers. Yet no one had a right to demand it of him. It was thus taken without authority ; and having been exacted of him against his rights, and in absence of any legal justification therefor, the act of taking it was illegal and the contract is void. See *Boston* v. *Capen,* 7 Cush. 116, and cases there cited.

It was suggested in the argument in behalf of the Commonwealth, that this action could be maintained upon the ground that the obligation in the bond was voluntarily assumed by the defendant. But there are no facts upon which this suggestion can rest. On the contrary, it distinctly appears from the recitals in the contract that it was executed while the defendant was before the court, complying with the sentence which had been awarded against him. He was either in actual custody, or under recognizance binding him to abide the order and judgment of the court. For aught therefore that appears, he had no other alternative than to execute the bond, or yield himself a prisoner and submit to actual imprisonment. Under such circumstances the bond must be deemed to have been executed under coercion ; and therefore he has a clear right to insist upon its invalidity. *Demurrer sustained ; judgment for the defendant.*